MARK ANCHOR ALBERT & ASSOCIATES
MARK ANCHOR ALBERT, State Bar No. 137027
  *albert@lalitigators.com*
JASON T. RIDDICK, State Bar No. 235980
  *riddick@lalitigators.com*
800 W. 6th Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 699-1355
Facsimile: (213) 699-1354

Attorneys for Plaintiff TIMOTHY
LYKINS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TIMOTHY LYKINS, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>GAVIN CHRISTOPHER NEWSOM, in his official capacity as Governor of the State of California; and ALEX PADILLA, in his official capacity as the Secretary of State of the State of California,<br><br>          Defendants. | Case No. 2:19-cv-06761<br><br>(to be related to 2:19-cv-01477-JAM-DB)<br><br>**PLAINTIFF'S NOTICE OF PENDENCY OF OTHER ACTION PURSUANT TO CIVIL L.R. 83-1.4.1** |

**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**

1  **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       Plaintiff Timothy Lykins ("Plaintiff") prior Notice of Related Case referencing

3  Local Rule 83-1.3.1 (Docket No. 6) was in error because the related case was not

4  filed within this judicial district.  Therefore, pursuant to Local Rule 83-1.4.1,

5  Plaintiff files the instant Notice of Pendency of Other Action or Proceeding.  Plaintiff

6  is informed and believes that the above-captioned action involves a material part of

7  the subject matter of the following action pending in the Eastern District of

8  California:  *Jerry Griffin et al. v. Alex Padilla*, United States District Court Case No.

9  CV 19-01477-JAM-DB ("Griffin").  A copy of the Complaint in *Griffin* containing

10 the content required by L.R. 83-1.4.2 is attached hereto as Exhibit 1.  At issue in

11 *Griffin* is the constitutionality of SB 27, the so-called *Presidential Tax Transparency*

12 *and Accountability Act*, which adds sections Section 6880 *et seq.* to the California

13 Elections Code (the "Trump Ballot Act").  Virtually identical to the instance case, the

14 *Griffin* case alleges that the Trump Ballot Act violates the First and Fourteenth

15 Amendments of the United States Constitution, as well as the Qualifications Clause

16 and 42 U.S.C. § 1983.

17

18 DATED:  August 5, 2019          MARK ANCHOR ALBERT & ASSOCIATES

19

20

21                       By: _____

22                                Jason Riddick

23                       Attorneys for Plaintiff TIMOTHY LYKINS

24

25

26

27

28

Exhibit 1

ROBERT PATRICK STICHT (SBN 138586)
T. RUSSELL NOBILE*
ROBERT D. POPPER*
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Facsimile.: (202) 646-5199
Email: rsticht@judicialwatch.org
Email: rnobile@judicialwathc.org
Email: rpopper@judicialwatch.org

H. CHRISTOPHER COATES*
Law Office of H. Christopher Coates
934 Compass Point
Charleston, South Carolina 29412
Telephone: (843) 609-0800
Email: curriecoates@gmail.com

*Application for admission pro hac vice
forthcoming

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JERRY GRIFFIN, MICHELLE BOLOTIN, MICHAEL SIENKIEWICZ, AND JAMES B. OERDING,<br><br>             Plaintiffs,<br>    v.<br><br>ALEX PADILLA, in his official capacity as Secretary of State of California,<br><br>             Defendant. | Case No. _____<br><br>COMPLAINT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF |

Plaintiffs Jerry Griffin, Michelle Bolotin, Michael Sienkiewicz, and James B.

Oerding, by and through the undersigned counsel, file this Complaint for Declaratory and

Injunctive Relief against Defendant Alex Padilla, in his official capacity as the California

Secretary of State, and allege as follows:

Complaint for Declaratory
and Injunctive Relief

1.    Plaintiffs are four California registered voters who seek declaratory and injunctive relief to enjoin California's Presidential Tax Transparency and Accountability Act, S. Bill 27, 2019-2020 Reg. Sess. (Ca. 2019) (hereafter "SB 27").  This law requires all candidates who wish to participate in a California presidential primary to publicly disclose their tax returns for the past five years.  Candidates who do not comply are barred from having their names printed on California's primary ballots.  Plaintiffs allege that SB 27 imposes candidate qualifications beyond those allowed by the U.S. Constitution and impermissibly burdens their federal constitutional and statutory rights.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a Defendant resides in this district and because a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

4.    This Court has the authority to enter a declaratory judgment and to provide injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5.    Plaintiff Jerry Griffin is a resident and a registered voter of Los Angeles County, California, who has voted and intends to vote in the County.  He is a registered Republican who intends to vote in the 2020 primary and general elections for a party-affiliated candidate.

6.    Plaintiff Michelle Bolotin is a resident and a registered voter of Los Angeles County, California who has voted and intends to vote in the County.  She is a registered Independent who intends to vote in the 2020 general elections for a party-affiliated candidate.

Complaint for Declaratory
and Injunctive Relief

7.     Plaintiff Michael Sienkiewicz is a resident and a registered voter of San Francisco County, California who has voted and intends to vote in the County.  He is a registered Republican who intends to vote in the 2020 primary and general elections for a party-affiliated candidate.

8.     Plaintiff James B. Oerding is a resident and a registered voter of Yolo County, California who has voted and intends to vote in the County.  He is a registered Democrat who intends to vote in the 2020 primary and general elections for a party-affiliated candidate.

9.     Defendant Alex Padilla is the California Secretary of State and has served in this capacity since January 5, 2015.  He is sued in his official capacity only.

**FACTS**

10.     Plaintiffs bring this action under 42 U.S.C. § 1983 to remedy deprivations of rights, privileges, or immunities secured by the Constitution and laws of the United States.

11.     On July 30, 2019, California Governor Gavin Newsom signed SB 27 into law.

12.     SB 27 revised California's Election Code to include several provisions imposing new requirements on party candidates wishing to participate in California's presidential preference primary.  CAL. ELECTIONS CODE §§ 6880-84 (Deering 2019).

13.     SB 27 requires that all candidates seeking to participate in California's presidential primary produce to the California Secretary of State "every income tax return the candidate filed with the Internal Revenue Service in the five most recent taxable years." *Id*., § 6883.

14.     These tax returns must be produced 98 days before the presidential primary.

15.     SB 27 directs the California Secretary of State to publish each candidate's tax returns within five days of receiving them by posting them on the Secretary's website.

16.     The Secretary of State is responsible for enforcing this requirement.

Complaint for Declaratory
and Injunctive Relief

Specifically, SB 27 provides that "[n]otwithstanding any other law, the Secretary of State shall not print the name of a candidate for President of the United States on a primary election ballot, unless the candidate" timely discloses his or her tax returns. *Id.*, § 6883.

17.    The United States Constitution sets forth the exclusive qualifications for president:

> No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

U.S. CONST. art. II, § 1, cl. 5 ("Qualifications Clause").

18.    The Constitution divests states of any power to add qualifications to those set forth in the Qualifications Clause.

19.    California does not possess the power to supplement the exclusive qualifications set forth in the Qualifications Clause.

20.    SB 27 purports to impose additional qualifications in primary elections to those set forth in the Qualifications Clause, including that the candidate disclose to the Secretary of State, for public dissemination, that candidate's tax returns.

21.    The new, substantive qualifications set forth in SB 27 only apply to party-affiliated candidates and not to non-party-affiliated presidential candidates who do not run in primaries.

22.    SB 27 creates an absolute bar to party candidates who would otherwise qualify under the Qualifications Clause.

23.    No existing state or federal law mandates that presidential candidates disclose their tax returns to participate in presidential primaries.

24.    California's legislature determined that SB 27 is an "urgency statute necessary for the immediate preservation of the public peace, health, or safety" which

Complaint for Declaratory
and Injunctive Relief

"shall go into immediate effect," and that the "facts constituting the necessity are" the need to "ensure that the protections afforded by this act are in place for the 2020 primary election." SB 27, § 3.

25.    California statewide presidential primary is March 3, 2020.

26.    Applying the 98-day deadline set forth in SB 27 for disclosure, all candidate tax returns must be provided to the Secretary of State by Tuesday, November 26, 2019.

27.    The United States has held 58 presidential elections and related primaries over the last 231 years.  During that time, no state or federal law has ever mandated that presidential candidates disclose their tax returns to qualify or appear on a ballot.

28.    The United States ratified the Sixteenth Amendment authorizing the federal income tax in 1913.  Form 1040 entitled "U.S. Individual Income Tax Return" was created that same year.

29.    Since 1913, voters have cast their ballots in 26 presidential elections in which no state or federal laws required presidential candidates to disclose their tax returns.

30.    The voluntary release of presidential candidates' tax returns is a recent, and partial, phenomenon, notwithstanding a current media narrative suggesting otherwise.

31.    President Richard Nixon disclosed his tax returns only after he was elected to his second term.  That disclosure only occurred, moreover, after an IRS employee in West Virginia illegally leaked excerpts of his returns to The Providence Journal-Bulletin, which later published them without authorization.  This prompted President Nixon to eventually release his complete tax return and submit to a voluntary audit.

32.    In 1976, President Gerald Ford released only a summary of his tax returns.

33.    One study found that 7 of 34 "major" candidates for president since 1976, or about 20%, refused to produce their tax returns.

34.    In 1992, California Governor Jerry Brown, who was then Bill Clinton's closest rival, did not release his tax returns.

Complaint for Declaratory
and Injunctive Relief

35. In 2000, third-party candidate Ralph Nader did not disclose his tax returns.

36. During the 2017-2018 legislative session, California's legislature passed Senate Bill 149, which was nearly identical to SB 27.

37. Reviewing SB 149, California's Legislative Counsel "concluded that it would be unconstitutional if enacted."

38. Governor Jerry Brown vetoed SB 149.  In doing so, he noted:

First, it may not be constitutional. Second, it sets a "slippery slope" precedent. Today we require tax returns, but what would be next? Five years of health records? A certified birth certificate? High school report cards? And will these requirements vary depending on which political party is in power? A qualified candidate's ability to appear on the ballot is fundamental to our democratic system. For that reason, I hesitate to start down a road that well might lead to an ever escalating set of differing state requirements for presidential candidates.

39. During the 2016 election campaign, the issue of tax returns gained renewed prominence after then-candidate Donald Trump declined to produce his returns.

40. Spokespersons for President Trump have repeatedly confirmed that he will not disclose his tax returns prior to the 2020 presidential election.

41. Four candidates for the 2020 Democratic nomination for president have not disclosed their tax returns. Those candidates are former Vice-President Joe Biden, former-Secretary of Housing and Urban Affairs Julian Castro, Congresswoman Tulsi Gabbard, and Andrew Yang.

42. Section 1 of SB 27 (§ 6681) declares California's purported interests in requiring the disclosure of candidates' personal tax returns.

43. The California legislature declared that the State's interests in requiring disclosure of personal tax returns are: "ensuring that its voters make informed, educated choices in the voting booth," supplying "voters with" what is described as "essential

information" about a candidate's "potential conflicts of interest, business dealings, financial status, and charitable donations," allowing voters to "better estimate the risks of any given Presidential candidate engaging in corruption," and ensuring that "any violations of the Foreign Emoluments Clause . . . or statutory prohibitions on behavior such as insider trading are detected and punished."  CAL. ELEC. CODE § 6681.

44.     None of the interests proffered by the California legislature for requiring the disclosure of candidates' tax returns is related to election procedure or administration. Rather, the stated interests incorporate particular, substantive judgments about what is most important for voters to know when considering a candidate, how voters should go about "estimate[ing] the risk" of a candidate "engaging in corruption," and what might assist law enforcement in detecting violations of the Emoluments Clause and crimes "such as insider trading."

45.     SB 27 is not procedural nor administrative.  It imposes a new, substantive qualification on presidential candidates that renders them ineligible for a position on the primary ballot if they choose not to release their tax returns.

46.     Unless SB 27 is enjoined, states will assume the power to create their own qualifications for national candidates seeking to obtain a party's nomination for president. This could lead to as many as 50 distinct and possibly inconsistent sets of qualifications regarding the only national election in the United States.  Using rationales similar to California's, states might come to demand medical records, mental health records, sealed juvenile records, driving records, results of intelligence, aptitude, or personality tests, college applications, Amazon purchases, Google search histories, browsing histories, or Facebook friends.

47.     Under SB 27, California voters can only cast their ballots in presidential primaries for party candidates willing to waive their privacy rights regarding their personal tax returns.

48.     SB 27 will have the effect of limiting the number of presidential candidates

Complaint for Declaratory
and Injunctive Relief

that party voters have the opportunity to vote for in the primaries.

49.     The harm inflicted on party voters by SB 27 will be greatly magnified by the fact that California's congressional primaries take place at the same time.  Whenever a popular, party-affiliated candidate is kept off the ballot by SB 27, that party's turnout naturally will suffer.  As a result, the rest of that party's down-ballot candidates will be less likely to prevail under California's nonpartisan blanket primary system, which allows only the top two vote-getters, regardless of party, to proceed to the general election.

50.     Unless SB 27 is enjoined, California, through its Secretary of State, will prevent Plaintiffs and voters like them from having the opportunity to cast their votes on March 3, 2020 in support of party candidates who are otherwise qualified to be president of the United States.

51.     Immediate relief is needed to ensure that the national nomination of party candidates is not disrupted by California's new presidential qualification.

**First Claim for Relief**

(*Violation of the Qualifications Clause and 42 U.S.C. § 1983*)

52.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

53.     SB 27 purports to add candidate qualifications to those contained in the Qualifications Clause.

54.     The State of California does not have the lawful authority to impose, nor does its Secretary of State have the lawful authority to enforce, candidate qualifications beyond those contained in the Qualifications Clause.

55.     SB 27 has the effect of handicapping a class of candidates who choose not to supply their tax returns.

56.     SB 27 has the sole purpose of indirectly adding additional qualifications to those set forth in the Qualifications Clause.

57.     Defendant Padilla has acted and, unless enjoined, will act under color of state law to deprive Plaintiffs of their voting rights by violating the Qualifications Clause.

Complaint for Declaratory
and Injunctive Relief

58.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant Padilla is enjoined from implementing and enforcing SB 27 with respect to party-affiliated presidential candidates.

## Second Claim for Relief

(*Violation of the First Amendment and 42 U.S.C. § 1983*)

59.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

60.     Plaintiffs have a First Amendment right to express their political preferences by voting for any qualified presidential candidate.

61.     SB 27 limits candidates who may run in California's party primaries on the basis of whether they have released their tax returns.

62.     There is no legally sufficient justification for demanding that candidates release their tax returns in order to appear on a primary ballot.

63.     Plaintiffs have a First Amendment right to associate with candidates who choose to preserve their privacy by declining to release their tax returns, and to associate with voters who prefer such candidates.

64.     SB 27 bars candidates who choose not to release their tax returns from running in party primaries.

65.     There is no legally sufficient justification for barring candidates who choose not to release their tax returns from running in party primaries.

66.     Plaintiffs have a First Amendment right to associate with other voters to nominate the presidential candidates they prefer.

67.     SB 27 interferes with how Plaintiffs and the voters they choose to associate with nominate the presidential candidates they prefer.

68.     There is no legally sufficient justification for interfering with how Plaintiffs and the voters they associate with nominate the presidential candidates they prefer.

Complaint for Declaratory
and Injunctive Relief

69.     By barring candidates from running in California's party primaries on the basis of whether they release their tax returns, SB 27 inflicts a severe burden on California voters that is not justified by an overriding governmental interest.

70.     SB 27 violates Plaintiffs' First Amendment rights.

71.     Defendant Padilla has acted and, unless enjoined, will act under color of state law to deprive Plaintiffs of their rights under the First Amendment.

72.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant Padilla is enjoined from implementing and enforcing SB 27 with respect to party-affiliated presidential candidates.

### Third Claim for Relief

(*Violation of the Equal Protection Clause of the*
*Fourteenth Amendment and 42 U.S.C. § 1983*)

73.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

74.     SB 27 creates two categories of voters, those who support party-affiliated candidates, and those who support non-party-affiliated candidates.

75.     Party-affiliated candidates are required to produce tax returns in order to appear on the ballot.

76.     Non-party-affiliated candidates do not compete in primaries and are not required to produce their tax returns to appear on the ballot.

77.     There is no legally sufficient justification for treating voters who support party-affiliated candidates differently from voters who support non-party-affiliated candidates.

78.     SB 27 creates two categories of voters, those who support party-affiliated candidates who do not release their tax returns, and those who support party-affiliated candidates who do release their tax returns.

79.     Party-affiliated candidates who have chosen to preserve their privacy

Complaint for Declaratory
and Injunctive Relief

respecting their tax return information by refusing to disclose their tax returns are barred from appearing on the primary ballot.

80.    Party-affiliated candidates who do release their tax returns are not prohibited from appearing on the primary ballot.

81.    There is no legally sufficient justification for treating voters who support party-affiliated candidates who do not release their tax returns differently from voters who support non-party-affiliated candidates who do release their tax returns.

82.    SB 27 violates Plaintiffs' rights under the Fourteenth Amendment to the equal protection of the laws.

83.    Defendant Padilla has acted and, unless enjoined, will act under color of state law to deprive Plaintiffs of their rights under the Fourteenth Amendment.

84.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant Padilla is enjoined from implementing and enforcing SB 27.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this Court to enter a judgement in their favor and provide the following relief:

    a.  A declaratory judgment declaring that SB 27 violates the Qualification Clause, Article III, §1 cl. 5;

    b.  A declaratory judgment declaring that SB 27 violates Plaintiffs' First Amendment rights;

    c.  A declaratory judgment declaring that SB 27 violates Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment;

    d.  A permanent injunction prohibiting the Secretary of State of California from implementing, administering, and enforcing the provisions of SB 27;

    e.  An order that Defendants pay Plaintiffs' reasonable attorney's fees, including litigation expenses and costs; and

Complaint for Declaratory
and Injunctive Relief

1    g.  Such other and further relief as this Court deems just and proper.

2

3    August 1, 2019                    Respectfully submitted,

4                                      JUDICIAL WATCH, INC.

5                              By:     Robert Patrick Sticht

6                                      ROBERT PATRICK STICHT

7

8                                      T. RUSSELL NOBILE*
                                       ROBERT D. POPPER*
9                                      425 Third Street SW, Suite 800
                                       Washington, D.C. 20024
10                                     Telephone: (202) 646-5172
                                       Facsimile: (202) 646-5199
11                                     Email: rsticht@judicialwatch.org
12                                     Email: rnobile@judicialwatch.org
                                       Email: rpopper@judicialwatch.org
13

14                                     H. CHRISTOPHER COATES*
                                       Law Office of H. Christopher Coates
15                                     934 Compass Point
                                       Charleston, South Carolina 29412
16                                     Telephone: (843) 609-0800
17                                     Email: curriecoates@gmail.com

18
                                            *Application for admission pro hac vice
19                                          forthcoming

20
                                            Attorneys for Plaintiffs
21

22

23

24

25

26

27

28
                                        12